# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PROFESSIONAL LOCATE and RECOVERY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CIVIL ACTION 07-0175-WS-C ) |
| PRIME, INC., *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiff Professional Locate & Recovery, Inc.'s Statement of Appeal of Magistrate Judge's Order (doc. 37) and plaintiff's Motion for Leave to Amend Complaint (doc. 32). Both issues have been briefed and are ripe for disposition at this time.

**I.    Background.**

Plaintiff Professional Locate & Recovery, Inc. ("Professional") commenced this action against named defendants Prime, Inc., GAB Robins North America, Inc., and Elliott Law Offices, P.A., seeking relief for Prime's alleged failure to defend or indemnify Professional under a liability insurance policy in connection with a lawsuit filed against Professional styled *Robert Jackson, et al. v. Samuel Riase, Jr., et al.*, and pending in the Circuit Court of Mobile County, Alabama. In its Complaint, Professional seeks relief on theories of breach of contract, bad faith failure to investigate and/or pay insurance proceeds due, negligence, wantonness, conspiracy, and liability under Alabama's Unauthorized Insurers and Surplus Lines Law.

**II.   Appeal of Magistrate Judge Order.**

    *A.    Pertinent Facts.*

Following removal of this action to federal court, Magistrate Judge Cassady entered a Preliminary Scheduling Order (doc. 4) providing that, except as otherwise ordered, no formal discovery could be conducted prior to the Rule 26(f) meeting of the parties except in certain enumerated circumstances, such as "[a]ctions in which discovery is needed to resolve a

preliminary motion such as an objection to personal jurisdiction or venue." (Doc. 4, ¶ C.1.b.)

On March 21, 2007, defendant Elliott filed a Motion to Dismiss (doc. 9) for lack of personal jurisdiction. In apparent anticipation of this personal jurisdiction challenge, Professional had served certain discovery requests on Elliott several days earlier. In due course, Elliott responded to those discovery requests by providing certain information and documents; however, Elliott objected to Interrogatories #4 through #7, and Document Requests #1 through #3 and #5 through #7 on the grounds that such requests "are in violation of the court's preliminary scheduling order in that they seek discovery of information that is unrelated to the issue of personal jurisdiction." (*See* doc. 18, at 2-5.) These discovery requests called for the following information and documents: (a) identities of persons with knowledge of facts relating to Elliott's engagement to provide services in the *Jackson* litigation; (b) identities of persons with knowledge of facts relating to Elliott's engagement to assist Prime in coverage issues pertaining to the *Jackson* matter; (c) a complete recitation of all acts taken by Elliott to determine whether Professional was entitled to a defense in the *Jackson* matter; (d) enumeration of all communications between Elliott and defendants GAB and Prime, or a person named Jeff Hale, related to the *Jackson* coverage issues; (e) all documents sent to or received from ALEA North America Insurance Company, Prime, GAB, or Hale that relate to Professional; (f) all documents that relate to coverage or adjustment of the *Jackson* matter; and (g) all insurance policies that relate to Professional.

Professional then filed a Motion to Compel Discovery Responses (doc. 18), asserting that Elliott's discovery responses "were inadequate and that many of the interrogatories and requests which were not answered were directed to jurisdictional issues raised by Plaintiff's conspiracy count." (Doc. 18, at 2.) Professional further maintained that the discovery requests in question "all are calculated to lead to evidence of the contacts with Alabama of other members of the conspiracy and specifically those of Mr. Elliott." (*Id.* at 5.) On April 24, 2007, Magistrate Judge Cassady entered an Order (doc. 30) denying the Motion to Compel for the stated reasons that the discovery requests at issue "are clearly overbroad and not limited in scope to personal-jurisdiction issues" and that "plaintiff has failed to allege facts that would establish a colorable claim of conspiracy," such that the discovery in question could not be justified on the basis of a conspiracy theory of jurisdiction. Professional now appeals from Judge Cassady's ruling.

*B.     Analysis.*

The instant appeal is governed by Rule 72(a), Fed.R.Civ.P., which provides that, when timely objections are made to a magistrate judge's order on a nondispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order ***found to be clearly erroneous or contrary to law***." *Id.* (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same standard); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003) (observing that district court properly applied "clearly erroneous or contrary to law" standard of review in reconsidering magistrate judge's determination of pretrial matter); *Merritt v. International Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under s 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination ...."). Accordingly, the "clearly erroneous or contrary to law" standard of review is operative here.

On appeal, Professional maintains that Judge Cassady's Order was clearly erroneous and contrary to law because the disputed discovery requests sought facts relevant to the personal jurisdiction issues raised by Elliott. In particular, Professional maintains that the challenged discovery requests all call for information directly relevant to this Court's personal jurisdiction over Elliott under the conspiracy theory of jurisdiction.[1]

The undersigned recently summarized Alabama law on the conspiracy theory of personal jurisdiction as follows:

---

[1]     Even in making this argument, however, Professional concedes that its discovery requests "may suffer from a desire to be comprehensive." (Plaintiff's Brief (doc. 38), at 9.) Although Professional seeks to circumscribe this admission by stating that "close reading" of its requests establishes that they seek relevant facts to the jurisdictional question, on their face these requests appear to extend far beyond any discovery reasonably necessary to resolution of the personal jurisdiction issue. Professional also goes request-by-request in an effort to show that each of them "seek[s] documents which will relate to the jurisdictional issue raised by Defendant." (*Id.* at 9.) That may be true, but each of those requests unquestionably seeks information and/or documents greatly transcending that jurisdictional question as well. Plaintiff is entitled to craft jurisdictional discovery requests in a manner that is comprehensive, but it is not entitled to do so in a manner that is overbroad. Judge Cassady correctly determined that Professional's requests here fall into the latter category.

> "Alabama courts have recognized and adopted the conspiracy theory of personal jurisdiction. *See Ex parte United Ins. Companies, Inc.*, 936 So.2d 1049 (Ala. 2006); *Ex parte McInnis*, 820 So.2d 795, 806-07 (Ala. 2001). However, it is well established in Alabama that a plaintiff cannot establish personal jurisdiction under a conspiracy theory unless the plaintiff "plead[s] with particularity the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy." *McInnis*, 820 So.2d at 806-07 (citation omitted)."

*Matthews v. Brookstone Stores, Inc.*, 469 F. Supp.2d 1056, 1066 (S.D. Ala. 2007) (footnote omitted).

As *Matthews* makes clear, the conspiracy theory of personal jurisdiction comes into play under Alabama law only when the complaint includes particularized allegations of both the conspiracy and the overt acts within the forum taken in furtherance of same. Magistrate Judge Cassady correctly noted that Professional's Complaint is wholly lacking in this regard, with the sum total of its conspiracy allegations consisting of a perfunctory, conclusory statement that "Defendants GAB and Elliott and D, E and F conspired and acted in concert with Prime and A, B, C or acted on their own behalf negligently and wantonly in the handling of the insurance claim of Plaintiff." (Complaint, ¶ 26.) This most superficial of conspiracy allegations is categorically inadequate to trigger the conspiracy theory of personal jurisdiction over Elliott. The Complaint lacking any of the detail needed to establish personal jurisdiction on a conspiracy theory, Magistrate Judge Cassady quite properly found that Professional cannot conduct free-ranging, expansive merits discovery from Elliott at this juncture under the guise of such a conspiracy theory. *See Ex parte Gregory*, 947 So.2d 385, 390 (Ala. 2006) (discovery to which plaintiff is entitled "is only discovery that is relevant to the issue of personal jurisdiction, and the plaintiff is entitled to that discovery only when the plaintiff has offered the court more than conjecture and surmise in support of the jurisdictional theory"); *Richards v. Duke University*, 480 F. Supp.2d 222, 231 (D.D.C. 2007) (denying jurisdictional discovery on conspiracy theory of personal jurisdiction, where plaintiff had not alleged underlying conspiracy with enough specificity, allegations were conclusory, and request for such discovery appeared to be "the sort of fishing expedition that the rules of jurisdictional discovery are designed to prevent").

In apparent recognition of these patent deficiencies in its Complaint, Professional argues in its memorandum in support of appeal that it filed a Motion for Leave to Amend Complaint (doc. 32), and that the proposed amendment remedies these defects by "specifically stat[ing] the

nature and basis of the conspiracy claims and specifically plead[ing] overt acts taken by the Defendant Elliott directed toward the forum in furtherance of the conspiracy." (Brief (doc. 38), at 5.) What plaintiff overlooks is that the Motion for Leave to Amend Complaint was filed on April 27, 2007, three days <u>after</u> Magistrate Judge Cassady's Order from which appeal is taken. A Magistrate Judge's Order cannot be clearly erroneous or contrary to law for failing to take into account a pleading that was never filed until several days after entry of that order. Accordingly, the April 27 Motion for Leave to Amend Complaint lacks significance for purposes of the appeal of the April 24 decision denying plaintiff's motion to compel.

For all of these reasons, the Court cannot find fault with the Magistrate Judge's Order on a *de novo* basis, much less conclude that it is clearly erroneous or contrary to law, as would be necessary for such a ruling to be overturned on appeal pursuant to Rule 72(a). This is not a close question. The Appeal (doc. 37) of the Magistrate Judge's Order dated April 24, 2007 is therefore **denied**. Plaintiff's objections are **overruled** and Magistrate Judge Cassady's Order denying the motion to compel is **affirmed.**

### III.     Motion to Amend Complaint.

Next, the Court turns its attention to plaintiff's Motion for Leave to Amend Complaint (doc. 32). On April 30, 2007, the undersigned entered an Order (doc. 33) requiring any party opposing the Motion to file a response on or before a date certain. The only defendant to step forward was Elliott, which timely filed its Objection (doc. 40) on the grounds that the proposed amendment is futile. But Elliott has no right to object to the Motion. Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." *Id.* Elliott has never filed a responsive pleading in this action, but has simply filed a motion to dismiss for lack of personal jurisdiction. *See Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (for purposes of Rule 15(a), "the term 'responsive pleading' does not include such filings as a motion to dismiss"). To be sure, defendants Prime and GAB have filed responsive pleadings. But the Eleventh Circuit recently explained that "[i]f the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007). Clearly, then, Professional has the right under

Rule 15(a) to amend its complaint as a matter of course with regard to Elliott, and Elliott therefore cannot be heard to oppose it.  While defendants Prime and GAB could be heard in opposition to the Motion for Leave to Amend, neither of them has objected, despite being given a full and fair opportunity to do so.

In light of Professional's right to amend the Complaint as a matter of course with respect to Elliott, the failure of defendants Prime and GAB to object within the time frame specified by the April 30 Order, and the mandate of Rule 15(a), Fed.R.Civ.P., that leave to amend shall be freely given when justice so requires, the Court **grants** the Motion for Leave to Amend Complaint (doc. 32).[2]

### IV.     Conclusion.

In sum, it is hereby **ordered** as follows:

1. Plaintiff's Appeal (doc. 37) of the Magistrate Judge's Order dated April 24, 2007 is **denied**.  Plaintiff's objections are **overruled** and Magistrate Judge Cassady's Order denying the motion to compel is **affirmed.**

2. Professional's Motion for Leave to Amend Complaint (doc. 32) is **granted**.  Pursuant to Section II.A.6. of this District Court's Administrative Procedures for Filing, Signing and Verifying Documents by Electronic Means, plaintiff is **ordered**, on or before **June 11, 2007**, to file its Amended Complaint in the form of the proposed pleading appended to its Motion as Exhibit A.

3. Defendant Elliott's Motion to Dismiss for Lack of Personal Jurisdiction (doc. 9) is now **moot** because it relates to a superseded Complaint; provided, however, that nothing herein forbids Elliott from renewing such motion, if appropriate, following the filing of plaintiff's Amended Complaint.

DONE and ORDERED this 4th day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The practical effect of this ruling is that Professional has been given leave to amend its Complaint in a manner that directly bears on the personal jurisdiction argument posed by defendant Elliott's Motion to Dismiss for Lack of Personal Jurisdiction (doc. 9).  That Motion to Dismiss is now **moot** because it relates to a superseded Complaint.